IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA TERESA STOLL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 7:24-cv-18 |
| | § | |
| AMERIHOME MORTGAGE COMPANY, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## AMERIHOME'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendant AmeriHome Mortgage Company, LLC ("Defendant" or "AmeriHome") removes this action from the 332nd Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and in support thereof would show unto the Court the following:

### I.   STATE COURT ACTION

1. On December 27, 2023, Plaintiff Maria Teresa Stoll ("Plaintiff") filed her Original Petition (the "Complaint"), in *Maria Teresa Stoll v. AmeriHome Mortgage Company, LLC*; Cause No. C-5299-23-F, in the 332nd Judicial District Court, Hidalgo County, Texas.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 332nd Judicial District Court, Hidalgo, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff filed suit for breach of contract, fraud, fraudulent misrepresentation, fraudulent inducement and fraud by non-disclosure, negligence, negligent misrepresentation, breach of fiduciary duty and declaratory relief.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 332nd Judicial District Court, Hidalgo County, Texas and obtained by Defendant are attached hereto.

5. In support of this removal and as required by Southern District f Texas, Local Rule 81, please find attached as follows:

**Exhibit A:** Index of Matters Being Filed;

**Exhibit B:** Civil Cover Sheet;

**Exhibit C:** State Court Civil Docket Sheet;

**Exhibit D:** State Court File;

**Exhibit E:** List of all counsel of record, including addresses, telephone numbers and parties represented.

**Exhibit F:** Hidalgo County Appraisal District Record.

## II.   TIMELINE FOR NOTICE OF REMOVAL

6. Defendant has not been served with process in this cause. Less than thirty (30) days have passed since Defendant received unofficial notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a.   Diversity of Citizenship

8. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

9. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

10. Based upon Plaintiff's Complaint, Plaintiff is a citizen of Hidalgo County, Texas.

11. Defendant AmeriHome is a Delaware limited liability company. The citizenship of a limited liability company is "determined by the citizenship of all of its members." *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of AmeriHome is Western Alliance Mortgage Holding Company, LLC, which is itself a Delaware limited liability company. The sole member of Western Alliance Mortgage Holding Company, LLC is Western Alliance Finance, Inc., an Arizona corporation with its principal office located in Arizona. A corporation is citizen of both its state of incorporation and the state where it maintains its principal office. See 28 U.S.C. § 1332(c)(1). AmeriHome, therefore, is a citizen of Arizona for diversity purposes.

12. Plaintiff is a citizen of the State of Texas and Defendant is a citizen of Arizona, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. *See* 28 U.S.C. §1332(a)(1).

**b.     Amount in Controversy Exceeds $75,000**

13. Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

14. The Complaint seeks declaratory relief, and damages and title related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705

F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

15.     The most recent tax appraisal for the Property set the market value of the Property at $205,720.[1] This alone satisfies the $75,000 requirement. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.

---

[1] *See* Exhibit F – Cameron County Appraisal District valuation for the Property.

## IV. VENUE

16. Venue for this Removal is proper in the United States District Court for the Southern District of Texas, McAllen Division, because this district and division includes Hidalgo County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## V. CONCLUSION

WHEREFORE Defendant AmeriHome Mortgage Company, LLC removes this action from the 332nd Judicial District Court, Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins – *Attorney In Charge*
State Bar No. 24036497
SD ID No. 926469
HOPKINS LAW, PLLC
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
SD ID No. 2647781
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
RobertFO@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of January 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Timothy A. Davis
DAVIS LAW, P.C.
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
timm@tdavislawpc.com

**ATTORNEY FOR PLAINTIFF**

                                      */s/ Shelley L. Hopkins*
                                      Shelley L. Hopkins